1  Teri T. Pham, Esq. (SBN 193383)
   ENENSTEIN PHAM GLASS & RABBAT LLP
2  3200 Bristol Street, Suite 500
   Costa Mesa, CA 92626
3  Phone: 714-292-0262
   Email: tpham@epgrlawyers.com
4
5  Jesse D. Heibel, Esq. (NM161922) (pro hac vice)
   BARNHOUSE KEEGAN SOLIMON & WEST LLP
6  7424 4th Street NW
   Los Ranchos de Albuquerque, NM  87107
7  Phone: (505) 842-6123
   Email: jheibel@indiancountrylaw.com
8  *Counsel for Plaintiff Twenty-Nine Palms Band of Mission Indians*

**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

**EASTERN DIVISION**

| | |
|---|---|
| TWENTY-NINE PALMS BAND OF MISSION INDIANS, a Federally Recognized Indian Tribe, dba TWENTY-NINE PALMS DISTRIBUTION,<br><br>Plaintiff,<br><br>vs.<br><br>MERRICK GARLAND, Attorney General of the United States, in his official capacity; UNITED STATES DEPARTMENT OF JUSTICE; STEVEN DETTELBACH, Director U.S. Bureau of Alcohol, Tobacco, Firearms and Explosives, in his official capacity; UNITED STATES BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES,<br><br>Defendants. | Case No.: 5:24-cv-00379-SSS-SP<br><br>**PLAINTIFF'S NOTICE OF MOTION TO STRIKE EXTRA-RECORD MATERIALS**<br><br>Date: September 20, 2024<br>Time: 2:00 p.m.<br>Place: Videoconference<br>Judge: Hon. Sunshine S. Sykes |

1

PLEASE TAKE NOTICE, that Plaintiff Twenty-Nine Palms Band of Mission Indians moves to strike extra-record materials from the amended administrative record. This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place via emails exchanged between June 14 and July 22, 2024 and by video conference on June 25, 2024 and July 17, 2024. This motion is based on this notice of motion, the memorandum of points and authorities set forth below, and the exhibits attached thereto.

The motion seeks to ensure compliance with 5 U.S.C. § 706 by ensuring the Court has before it the proper administrative record to evaluate Defendants' October 19, 2023 decision to place Twenty-Nine Palms on its PACT Act Non-Complaint List. Specifically, Plaintiff respectfully requests an order striking extra-record material included in the amended administrative record.

Dated: July 26, 2024                Respectfully Submitted,

/s/ *Jesse D. Heibel*
Jesse D. Heibel
BARNHOUSE KEEGAN SOLIMON & WEST LLP
7424 4th Street NW
Los Ranchos de Albuquerque, NM 87107
Phone: (505) 842-6123
Email: jheibel@indiancountrylaw.com

Teri T. Pham, Esq.
ENENSTEIN PHAM GLASS & RABBAT LLP
3200 Bristol Street, Suite 500
Costa Mesa, CA 92626
Phone: 714-292-0262
Email: tpham@epgrlawyers.com

*Counsel for Plaintiff Twenty-Nine Palms Band of Mission Indian*

2

Teri T. Pham, Esq. (SBN 193383)
ENENSTEIN PHAM GLASS & RABBAT LLP
3200 Bristol Street, Suite 500
Costa Mesa, CA 92626
Phone: 714-292-0262
Email: tpham@epgrlawyers.com

Jesse D. Heibel (NM 161922) (*pro hac vice*)
BARNHOUSE KEEGAN SOLIMON & WEST LLP
7424 4th Street NW
Los Ranchos de Albuquerque, NM 87107
Phone: (505) 842-6123
Email: jheibel@indiancountrylaw.com

*Counsel for Plaintiff Twenty-Nine Palms Band of Mission Indians*

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

### EASTERN DIVISION

| | |
|---|---|
| TWENTY-NINE PALMS BAND OF MISSION INDIANS, a Federally Recognized Indian Tribe, dba TWENTY-NINE PALMS DISTRIBUTION,<br><br>              Plaintiff,<br><br>vs.<br><br>MERRICK GARLAND, Attorney General of the United States, in his official capacity; UNITED STATES DEPARTMENT OF JUSTICE; STEVEN DETTELBACH, Director U.S. Bureau of Alcohol, Tobacco, Firearms and Explosives, in his official capacity; UNITED STATES BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES,<br><br>              Defendants. | Case No.: 5:24-cv-00379-SSS-SP<br><br>**PLAINTIFF'S MOTION TO STRIKE EXTRA-RECORD MATERIAL**<br><br>Date: August 30, 2024<br>Time: 2:00 p.m.<br>Place: Videoconference<br>Judge: Hon. Sunshine S. Sykes |

1

Plaintiff Twenty-Nine Palms Band of Mission Indians ("Twenty-Nine Palms" or "Tribe") respectfully submits this motion challenging the Amended Administrative Record lodged by Defendants on July 24, 2024, ECF 50, and requesting the Court strike the extra-record documents included therein.

## INTRODUCTION

Through this case the Tribe challenges the Bureau of Alcohol, Tobacco, Firearms, and Explosive's ("ATF") decision to place it on the Prevent All Cigarette Trafficking Act ("PACT Act") Non-Compliant list under the Administrative Procedure Act ("APA"). It cannot be disputed that ATF's Decision was issued on October 19, 2023. AR-311-325.[1] However, both the original and amended administrative records produced by Defendants include documents that were either created by or put in front of ATF after October 19, 2023. Because these records were definitively not before ATF when it made its decision, they are not part of the administrative record under applicable law and must be struck.

## FACTUAL AND PROCEDURAL BACKGROUND

On October 19, 2023, ATF sent the Tribe correspondence ("Decision") informing the Tribe that ATF was placing it on the Non-Complaint List. The Tribe advised ATF that it would file suit to challenge its placement on the List, and after further negotiations ATF agreed that it would not place the Tribe on the List if it filed this suit and sought a preliminary injunction, which the Tribe did. Therefore, and pursuant to the Court's Order, ECF 17, the Parties conferred on a briefing schedule and filed a Joint Stipulation with the Court that moved the Court to withdraw the Tribe's preliminary injunction motion to allow the Defendants to pursue a dispositive motion under an administrative record. ECF 41. The Court granted the Joint Stipulation on May 2, 2024. ECF 43. In accordance with the Joint Stipulation, Defendants filed their Notice of Administrative Record on May 10, 2024. ECF 46.

---

[1] Material cited from the Administrative Record is indexed and provided in Exhibits 1 through 5.

2

In reviewing the Defendant's original administrative record, the Tribe identified documents which were before the agency and pertained to the challenged decision but were excluded from the record, as well as documents that post-dated the Decision and therefore improperly included.

The Parties began conferring on these issues on June 14, 2024, and on July 3, 2024 filed a Joint Stipulation proposing modifications to the scheduling order to allow continued conferrals in an attempt to resolve the issues without burdening the Court. ECF 48. The Cour granted the Joint Stipulation, with modification, on July 8, 2024. ECF 49. Subsequently, the Parties reached agreement on the inclusion of the document identified by Plaintiff as being excluded from the record but were unable to reach agreement on the removal of documents identified by Plaintiff as being improperly included. After conferral, the Parties agreed that resolution of the extra-record issue was not necessary for Plaintiff to file its Opposition to Defendants' Motion for Summary Judgment, and in the interest of judicial efficiency the appropriate manner for Plaintiff to raise this issue with the Court would be to file a Motion to Strike contemporaneously with its Opposition. ECF 50.

## ARGUMENT

The APA requires the Court have before it "the whole record," which includes "everything that was before the agency pertaining to the merits of its decision." *Pacific Choice Seafood Co. v. Ross*, 976 F.3d 932, 942 (9th Cir. 2020). This record rule allows courts to fulfill their duty in ensuring that agencies have engaged in reasoned decision making. *Judulang v. Holder*, 565 U.S. 42, 53 (2011).

In accordance with the record rule, it is black letter law that under the APA, judicial review of agency action is based on the administrative record that was before the agency <u>at the time of its decision</u>. *Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420 (1971) ("[R]eview is to be based on the full administrative record that was before the [agency] at the time [it] made [its] decision.") (abrogated on other grounds); *accord Asarco, Inc. v. EPA*, 616 F.2d 1153, 1159 (9th Cir. 1980)

("A number of rules governing the scope of judicial review of agency action emerge from these cases. Predominant is the rule that agency action must be examined by scrutinizing the administrative record at the time the agency made its decision.") This requirement is based on the straight-forward principle that a reviewing court "should have before it neither more nor less information than did the agency when it made its decision." *CTS Corp. v. EPA*, 759 F.3d 52, 64 (D.C. Cir. 2014) (citation omitted).

### I. Defendants' Extra-Record Documents Must Be Struck.

In defiance of this "predominant" rule, Defendants have unilaterally submitted three documents that were not created or put before ATF until after the Decision challenged in this case. Because these documents were not before ATF when it made its Decision, they cannot as a matter of law be part of the administrative record.

The first document is an email, in duplicate, from the California Department of Justice to ATF dated October 24, 2023. AR-326-329. On its face, the email demonstrates it was transmitted to ATF after its October 19, 2023 Decision and therefore cannot be part of the administrative record. *Vlope,* 401 U.S. at 420; *Asarco*, 616 F.2d at 1159; *see also*, *Sw. Ctr. For Biological Diversity v. United States. Forest Serv.,* 100 F.3d 1443, 1450 (9th Cir.1996) ("[P]ost-decision information…may not be advanced as a new rationalization either for sustaining or attacking an agency's decision.").

The second document is comprised of an email exchange among ATF and counsel for the Tribe between November 2nd and 9th, 2023. AR-343-344. The emails concern the negotiation of a settlement agreement between ATF and Native Wholesale Supply Company ("NWS") which, in part, contemplated a procedural agreement under which ATF would not place the Tribe on the PACT Act Non-Compliant List pending judicial resolution of the Tribe's challenge of the October 19, 2023 Decision. The third document is the final settlement agreement between ATF and NWS that was executed on January 30, 2024. AR-345-354. As with the communications with California DOJ, these documents, on their face, demonstrate

4

they were not before ATF when it issued its October 19, 2023, Decision.

It is undisputable that these three documents were not before or relied upon by ATF when it made its Decision. As such, they cannot be included in the administrative record under binding Supreme Court and Ninth Circuit precedent and must be struck from Defendants' amended administrative record.

## II. Defendants Do Not Argue the Extra-Record Documents Fall into any Exception for Supplementing the Administrative Record.

The Ninth Circuit has found four limited exceptions to the record rule which allow supplementation of the administrative record with extra-record materials:

> (1) if necessary to determine "whether the agency has considered all relevant factors and has explained its decision," (2) "when the agency has relied on documents not in the record," or (3) "when supplementing the record is necessary to explain technical terms or complex subject matter," or (4) or "when plaintiffs make a showing of agency bad faith."

*Center for Biological Diversity v. U.S. Fish & Wildlife Serv.*, 450 F.3d 930, 943 (9th Cir. 2006) (internal quotations and citations omitted); *see also*, *Florida Power & Light Co. v. Lorion*, 470 U.S. 729, 744 (1985) (a reviewing court is not empowered "except in rare circumstances" to make a decision based on extra-record evidence). To supplement the record, the party seeking the introduction of extra-record materials has the burden of proving they fit within one of these four limited exceptions. *Animal Def. Council v. Hodel*, 840 F.2d 1432, 1436-37 (9th Cir. 1988).

Defendants have refused to avail themselves of the common-sense procedures to meet their burden of demonstrating the applicability of any of the limited exceptions, such as motions or stipulations. Instead, Defendants insist the rule simply does not apply to them. In doing so, Defendants have opted for a run around which places the burden on Plaintiff to bring this motion which seeks to ensure compliance with the straightforward standard for compiling the administrative record. The Court should strike Defendants' extra-record evidence not only because they cannot as a

5

matter of law be included in the record, but because of Defendants' failure to move to supplement the record or seek a stipulation from Plaintiff. *See CTS Corp.*, 759 F.3d 52 at 64 (striking extra-record documents when a party failed to bring a motion to supplement the record).

## CONCLUSION

For the foregoing reasons, Twenty-Nine Palms respectfully requests the Court grant its Motion to Strike.

Dated: July 26, 2024                    Respectfully Submitted,

/s/ *Jesse D. Heibel*
Jesse D. Heibel (*pro hac vice*)
BARNHOUSE KEEGAN
SOLIMON & WEST LLP
7424 4th Street NW
Los Ranchos de Albuquerque, NM  87107
Phone: (505) 842-6123
Email:  jheibel@indiancountrylaw.com

Teri T. Pham, Esq.
ENENSTEIN PHAM
GLASS & RABBAT LLP
3200 Bristol Street, Suite 500
Costa Mesa, CA 92626
Phone: 714-292-0262
Email: tpham@epgrlawyers.com

*Counsel for Plaintiff Twenty-Nine Palms Band of Mission Indians*

## CERTIFICATION

The undersigned, counsel of record for Defendants, certifies that this brief contains 1,422 words, which complies with the word limit of Local Rule 11-6.1.

/s/ *Jesse D. Heibel*
Jesse D. Heibel (*pro hac vice*)
BARNHOUSE KEEGAN SOLIMON & WEST LLP
7424 4th Street NW
Los Ranchos de Albuquerque, NM  87107
Phone: (505) 842-6123
Email: jheibel@indiancountrylaw.com
*Counsel for Plaintiff Twenty-Nine Palms Band of Mission Indians*