UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—
GENERAL

| Case No. | 5:24-cv-00379-SSS-SPx | Date | November 15, 2024 |
|---|---|---|---|
| Title | Twenty-Nine Palms Band of Mission Indians v. Merrick Garland, et al. | | |

| Present: The Honorable | SUNSHINE S. SYKES, UNITED STATES DISTRICT JUDGE |
|---|---|

| Irene Vazquez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings: (IN CHAMBERS) ORDER GRANTING PLAINTIFF'S MOTION TO STRIKE EXTRA-RECORD MATERIALS [Dkt. 52]**

Before the Court is Plaintiff Twenty-Nine Palms Band of Mission Indians' ("Plaintiff") Motion to Strike Extra-Record Materials (the "Motion") filed on June 24, 2024. [Dkt. 52]. This matter is fully briefed and ripe for review. [Dkt. 54 (Opp'n); Dkt. 55 (Reply)]. In accordance with the opinion below, the Court **GRANTS** the Motion. [Dkt. 52].

## I.   BACKGROUND

This matter arises out of Twenty-Nine Palms' alleged violation of the Prevent All Cigarette Trafficking ("PACT") Act. [Dkt. 52 at 4]. On October 19, 2023, the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") sent the Plaintiff correspondence informing them of their violations of the PACT Act. [Dkt. 44 at 84]. ATF further informed the Plaintiff that ATF would be placing the Tribe on the PACT Act Non-Compliant List (the "List") effective November 20, 2023. [*Id.*]. Soon thereafter, ATF notified Plaintiff that it would delay placing the Tribe on the Non-Compliant List until December 1, 2023. [Dkt. 47-1 at 126]. Plaintiff was not

placed on the List on December 1, 2023, while settlement negotiations took place. [Dkt. 54 at 19]. On January 30, 2024, ATF entered into a settlement agreement with Plaintiff's business partner which provided that ATF would withhold placing the Tribe on the Non-Compliant List pending court review of a preliminary injunction. [Dkt. 54 at 19; Dkt. 52 at 4]. Plaintiff asserts that the evidence which post-dates October 19, 2023, should be stricken. [Dkt. 52 at 4].

## II.   LEGAL STANDARD

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Thus, federal courts can only hear cases if "there is a valid basis for federal jurisdiction." *Ayala v. Am. Airlines, Inc.*, No. 2:23-cv-03571-MEMF-MAR, 2023 WL 6534199, at *1 (C.D. Cal. Oct. 6, 2023) (citing *Richardson v. United States*, 943 F.2d 1107, 1112 (9th Cir. 1991)). For a court to have federal subject matter jurisdiction to review an agency decision under the Administrative Procedures Act ("APA"), "a plaintiff must challenge a 'final' agency action." *Castaneda v. Garland*, 562 F. Supp. 3d 545, 555 (C.D. Cal. 2021).

It is "well-established that an agency's action must be upheld, if at all, on the basis articulated by the agency itself." *Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 50 (1983) (citations omitted). Therefore, an agency action is final when "(1) the agency reaches the 'consummation' of its decision-making process and (2) the action determines the 'rights and obligations' of the parties or is one from which 'legal consequences will flow.'" *Castaneda*, 562 F. Supp. 3d 545 at 555–556. Generally, "a court reviewing agency action under the APA must limit its review to the administrative record" that was "in existence at the time of the decision," *San Luis & Delta-Mendota Water Auth. v. Locke*, 776 F.3d 971, 992 (9th Cir. 2014).

## III.   DISCUSSION

Plaintiff argues that the Court should grant this Motion because ATF's final agency action occurred on October 19, 2023. [Dkt. 52 at 4]. Therefore, Plaintiff asserts, any records that post-date this decision were not before the agency at the time of the decision and should be struck from judicial consideration. [*Id*.]. In response, ATF contends that the final agency action instead occurred on January 30, 2024, when ATF reached a settlement with Plaintiff that delayed the placement of the Tribe on the Non-Compliant List pending a federal court review. [Dkt. 54 at 7]. ATF argues that settlement negotiations and ATF's decision to delay placing Plaintiff on the Non-Compliant List are indicative of ongoing deliberations rather

than a final agency action. [*Id*. at 19]. For the reasons set forth before, the Court **GRANTS** the Motion.

First, the Court finds that ATF's October 19, 2023, correspondence with Plaintiff is a clear consummation of the agency's decision-making process. On October 19, 2023, ATF sent Plaintiff correspondence which twice stated that "[i]n light of the hundreds of past and present violations of the PACT Act over the course of several years, ATF is placing 29 Palms on the PACT Act Non-Compliant List effective November 20, 2023." [Dkt. 44 at 84]. This letter signifies neither a tentative agency decision, *Bennett v. Spear*, 520 U.S. 154, 177–178 (1997) (citations omitted) (reasoning that an action of a tentative or interlocutory nature does not constitute final agency action), nor does it represent an ongoing process which has not yet concluded, *San Francisco Herring Ass'n v. Dep't of the Interior*, 946 F.3d 564, 575–576 (9th Cir. 2019) (reasoning that action which represented "ongoing deliberations" does not constitute final agency action). While ATF counters that the January 2024 settlement agreement indicates ongoing deliberations, [Dkt. 54 at 19], ATF clearly reached a final decision in its October 19, 2024, letter even though it left a caveat to allow for a federal court's decision.

Next, ATF's October 19, 2023, decision to place Plaintiff on the Non-Compliant List is one from which legal consequences flowed. The List established a prohibition against receivers of the List, in addition to entities who are named on the List, from engaging in various aspects of the cigarette delivery process, including working with any entity on this List. *Bennett*, 520 U.S. 154 at 178 (requiring that the agency action be one by which "rights or obligations have been determined") (citations omitted). While ATF argues that legal consequences ensued only after the January 2024 settlement agreement because Plaintiff was not placed on the List despite the threat, [Dkt. 54 at 7], the letter nonetheless explicitly states that Plaintiff would be subject to the prohibitions of the List. *Oregon Nat. Desert Ass'n v. U.S. Forest Serv.*, 465 F.3d 977, 987 (9th Cir. 2006) (ruling that a decision must "impose an obligation, deny a right, or fix some legal relationship" to illustrate finality). A pragmatic approach confirms this, with the October 19, 2023, letter and succeeding delay merely acting as a stay in enforcement rather than an interlocutory decision. *Ctr. for Biological Diversity v. Haaland*, 58 F.4th 412, 417 (9th Cir. 2023) (applying a pragmatic approach to analyzing agency actions while considering the "practical and legal effects" of that action, not merely "labels"). As a final consideration, by repeatedly delaying the placement of Plaintiff on the List after the October letter, the Tribe was effectively beholden to a looming threat that ATF could impose at any future date. Thus, the Court holds that the October 19, 2023, correspondence was a

final agency action, and the records at issue in this Motion were not before ATF when the correspondence was sent.

## IV. CONCLUSION

In accordance with the above, the October 24, 2023, email exchange between the California Department of Justice and ATF; the November 2 and 9, 2023, email exchange between ATF and Twenty-Nine Palms' counsel; and the January 30, 2024, final settlement agreement are stricken from the record. Accordingly, Plaintiff's Motion to Strike is **GRANTED**. [Dkt. 52].

**IT IS SO ORDERED.**