UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—
GENERAL

| | | | |
|---|---|---|---|
| Case No. | 5:24-cv-00379-SSS-SPx | Date | February 27, 2025 |
| Title | *Twenty-Nine Palms Band of Mission Indians v. Merrick Garland, et al.* | | |

| | |
|---|---|
| Present: The Honorable | SUNSHINE S. SYKES, UNITED STATES DISTRICT JUDGE |

| Irene Vazquez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:   (IN CHAMBERS) ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT [Dkt. 47]**

Before the Court is Defendants Merrick Garland, United States Department of Justice, Steven Dettelbach, and United States Bureau of Alcohol, Tobacco, Firearms and Explosives' ("Defendants") Motion for Summary Judgment ("Motion") filed on June 7, 2024. [Dkt. 47]. The Motion has been fully briefed [Opp. (Dkt. 51); Reply (Dkt. 54]] and was taken under submission without a hearing. For the reason set forth below, the Court **GRANTS** the Motion. [Dkt. 47].

## I.     FACTUAL BACKGROUND

This action arises from the United States Bureau of Alcohol, Tobacco, Firearms and Explosives' ("ATF") decision to place the Twenty-Nine Palms Band of Mission Indians ("Twenty-Nine Palms" or "Tribe") on the Prevent All Cigarette Trafficking Act's ("PACT Act") non-compliant list. [Dkt. 44 at 12 ¶58]. The PACT Act was passed to combat cigarette trafficking, and it requires certain cigarette sellers that transact remotely to comply with state laws. [Motion at 10]. Twenty-Nine Palms is a federally recognized Indian tribe that engages in

wholesaling of tobacco products exclusively to other federally recognized Tribes for sale on their sovereign reservations in California. [Opp. at 7].

An ATF investigation into one of the Tribe's business partners, Native Wholesale Supply Company ("NWS"), revealed that Twenty-Nine Palms was distributing cigarettes in California without a license. [Motion at 14]. It is undisputed the Tribe lacks a California license to distribute cigarettes. [*Id*. at 10]. The Defendants claim that Twenty-Nine Palms distributes untaxed cigarettes to other unlicensed Tribes and fails to collect applicable state taxes on cigarettes to non-tribal members. [*Id*.]. ATF determined that this was a violation of California law and sought to place the Tribe on the PACT Act's non-compliant list. [*Id*.]. On February 23, 2022, the California Department of Justice ("CADOJ") contacted the Tribe regarding its compliance with the PACT Act, and nominated the Tribe for inclusion on the non-compliant list on July 28, 2022. [*Id*. at 14].

Twenty-Nine Palms claims that it has worked cooperatively with CADOJ on a government-to-government basis since 2022, including submitting PACT Act reports to CADOJ, which resulted in the State ultimately withdrawing its nomination to the non-compliant list in April 2023. [Opp. at 8; *see also* Motion at 15]. Regardless, on June 5, 2023, ATF sent the Tribe a letter indicating that it would place the Tribe on the non-compliant list the following month for failure to comply with "applicable state laws." [Motion at 16]. The Tribe submitted a challenge to ATF's Notice on October 2, 2023 ("Challenge") which refuted ATF's assertions, notified ATF of the Tribe's ongoing government-to-government dialogue with CADOJ, and requested ATF comply with 15 U.S.C. § 376a(e)(E)(iv) by investigating the Tribe's positions through consultation with CADOJ. [Opp. at 8]. On October 19, 2023, ATF sent the Tribe another letter indicating that it would be placing the Tribe on the non-compliant list. [*Id*.]. Yet, a settlement between ATF and NWS stated the Tribe's placement on the list would be deferred pending a "federal district court's initial ruling on Twenty-Nine Palms' request for injunctive relief" which would seek to bar ATF from placing it on the list. [*Id*. at 17]. Twenty-Nine Palms subsequently initiated this suit. [*Id*.].

## II.   LEGAL STANDARD

In the context of APA claims, summary judgment "serves as the mechanism for deciding, as a matter of law, whether the agency action is supported by the administrative record and otherwise consistent with the APA standard of review." *Doe v. U.S. Dep't of Just*., 2023 WL 5505843, at *13 (C.D. Cal. July 5, 2023) (citation omitted). Under the APA, an agency decision is set aside only if it is

"arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). This standard of review is "deferential," and "the agency's action carries a presumption of regularity." *San Luis & Delta-Mendota Water Auth. v. Locke*, 776 F.3d 971, 994 (9th Cir. 2014).

In deciding whether to grant summary judgment in an APA case, the district court "is not required to resolve any facts." *Occidental Eng'g Co. v. INS*, 753 F.2d 766, 769 (9th Cir. 1985). Summary judgment thus serves as the mechanism for deciding, as a matter of law, whether the agency action is supported by the administrative record and otherwise consistent with the APA standard of review." *Gill v. Dep't of Just.*, 246 F. Supp. 3d 1264, 1268 (N.D. Cal. 2017).

### III.  DISCUSSION

The Defendants request that the Court grant their Motion by holding the PACT Act applies to Twenty-Nine Palms' cigarette distribution. [Motion at 18]. In particular, the Defendants claim that the Tribe's cigarette sales constitute "delivery sales" to "consumers" under the PACT Act. [*Id*.]. Further, the Defendants insist that Twenty-Nine Palms does not comply with the PACT Act by failing to adhere to California's licensing, reporting, and recordkeeping requirements as well as failing to conduct valid stamping, collection, and remittance of State excise taxes. [*Id.* at 24–25].

The Defendants also maintain that ATF complied with the PACT Act's procedural requirements of providing notice to the Tribe of their intention to place them on the non-compliant list and investigating any challenge to their decision by contacting state law enforcement officials (e.g. CADOJ). [*Id.* at 27–29]. Finally, the Defendants state that ATF's decision was not arbitrary and capricious because they considered (1) the PACT Act's applicability to the Tribe as a "delivery seller", (2) the relevant governing California law, and (3) the Tribe's failure to conform with the law, and that these are all the relevant factors that should have been considered in making their decision. [*Id.* at 29–30].

Twenty-Nine Palms responds by arguing that ATF's decision to place them on the non-compliant list was contrary to Section 5(a) of the PACT Act because that section expressly preserves Native American rights under treaties and common law. [Opp. at 9]. The Tribe claims that ATF's decision adopts a theory of state regulation over Indian country by requiring that the Tribe adhere to California's regulations on cigarette distribution, and this theory has been expressly rejected by the Supreme Court. [*Id*. at 10].

Twenty-Nine Palms further contends that ATF's decision to place them on the non-compliant list was arbitrary and capricious because it includes improper justifications that were not included in the decision letter (namely, that the Tribe's tribal customers are not "lawfully operating" by failing to comply with California's licensing requirement that "retailers only transact with sellers that have a license"). [*Id*. at 17].  The Tribe also alleges that ATF's decision was made with inconsistent reasoning and makes a change in position without explanation.  [*Id*. at 18–19].  This is in reference to ATF's claim that the Tribe is in violation of California law despite CADOJ disputing this claim and ATF making the opposite finding in prior email correspondence.  [*Id*.].

Twenty-Nine Palms argues that ATF failed to consider all relevant factors in making its decision, including (1) whether its interpretation of California's tobacco statutes allows non-taxable sales to tribal members, (2) the fact that sales by certain Native Nation customers are un-taxable, (3) whether California's tobacco licensing statute exempts on-reservation retailers, and (4) the cooperative government-to-government relationship between the Tribe and CADOJ.  [*Id*. at 19–23].  Finally, the Tribe claims that ATF did not adhere to the PACT Act's procedural requirements by failing to provide the Tribe with notice regarding which specific state, local, or tribal laws it alleged the Tribe of violating and did not adequately investigate the Tribe's challenge before making its decision to place it on the non-compliant list.  [*Id*. at 23–27].  The Tribe insists this was not harmless error because it impacted the procedure ATF undertook and led them to the decision of placing the Tribe on the non-compliant list.  [*Id*.].

The Court is ultimately unpersuaded by Twenty-Nine Palms' claims that ATF's decision was arbitrary and capricious.[1]  While ATF's decision letter does not mention the argument that the Tribe's Native Nation customers are in violation of the California Licensing Act, the basis of ATF's decision is that the Tribe must comply with state law under the PACT Act's authority.  *See* 15 U.S.C. § 376(a).  Under ATF's reading of the statute, the Tribe is a "delivery seller" and its customers are "consumers" such that they are required to comply with the PACT Act.  *See id.* at § 375(5).

---

[1] The Court acknowledges the Tribe's surprise at the ATF's decision to place Twenty-Nine Palms on the non-compliant list after CADOJ agreed to withdraw its nomination, however, ATF's actions do not appear to rise to the level of an arbitrary and capricious agency action.

The Court agrees that any sales by Twenty-Nine Palms to its Native Nation members are not subject to state taxes.² *See Moe v. Confederated Salish & Kootenai Tribes,* 425 U.S. 563, 480 (1976) (holding that cigarette taxes as applied to sales by Indians to Indians are invalid). However, the administrative record reveals, and the Tribe does not dispute, that ATF has reason to believe the Tribe is selling cigarettes to non-Native Nation customers and it made its decision to place the Tribe on the non-compliant list on that basis. Even if the Court were to hold that ATF's argument that the Tribe's Native Nation Customers violate the Licensing Act were improper post-hoc legal justifications, ATF's decision remains on solid ground.³

The Court finds that ATF sufficiently considered the relevant issues and reasonably explained their decision in their letter. *See FCC v. Prometheus Radio Project,* 592 U.S. 414, 423 (2021) (Under the APA, a "court simply ensures that the agency has acted within a zone of reasonableness and, in particular, has reasonably considered the relevant issues and reasonably explained their decision."). ATF considered the PACT Act's applicability to the Tribe as a "delivery seller", how California law applies to delivery sellers, and the Tribe's failure to comply with California law. While the Tribe's other posited concerns are related, they focus on the effects of the PACT Act on Indian-to-Indian cigarette sales and the relationship the Tribe maintains with CADOJ. [Opp. at 19–23].

---

² The Court recognizes the Plaintiff posits additional arguments concerning the applicability of state laws against sovereign tribes as infringement on their independent sovereignty. However, we need not reach these contentions with specificity since the U.S. Supreme Court has established clear framework for requiring sovereign tribes to document and remit state taxes for on-reservation sales made to non-tribal citizens in *Washington v. Confederated Tribes of the Colville Indian Reservation* and progeny. 447 U.S. 134 (1980).

³ Twenty-Nine Palms correctly identified the different (1) arbitrary and capricious standard in the instant case and (2) the preliminary injunction standard from the *Azuma* case, upon which ATF relies. *See* California v. Azuma Corp., No. 2:23-cv-00743-KJM-DB, 2023 WL 5835794 (E.D. Cal. Sept. 8, 2023) *aff'd*, No. 23-16200, 2024 WL 4131831 (9th Cir. Sept. 10, 2024) (granting a preliminary injunction against a tribal cigarette wholesaler for likelihood to be found in violation of the PACT Act). But the arbitrary and capricious standard cuts both ways, favoring the conclusion that ATF's determination was not arbitrary when the ATF had reason to believe the Plaintiff was non-compliant with California's Licensing Act. !

ATF's decision focuses on sales from the Tribe to non-Native Nation customers and how, in their view, these are violations of the PACT Act and California law by extension. As a result, the decision to place the Tribe on the non-compliant list flows logically from these circumstances and consideration of the other factors would have been unlikely to change their decision. *See Am. Mining Cong. v. EPA, 965 F.2d 759* (9th Cir. 1992) (A particular issue is only relevant if it could be expected to change the agency's determination had it been considered). Accordingly, the Court finds that the agency's decision was not an abuse of discretion, was in accordance with the law, and was not arbitrary or capricious.

### IV.     CONCLUSION

In accordance with the above, Defendants' Motion is hereby **GRANTED**. [Dkt. 47].

**IT IS SO ORDERED.**